# Rugart et al., Appellants, *v.* Keebler-Weyl Baking Co.

*Negligence — Minor — Master and servant — Employee of contractor—Proximate cause—Evidence—Act of May 2, 1905, P. L. 352—Court or jury—Maxims.*

1. An owner of a building does not incur liability under the Act of May 2, 1905, P. L. 352, relating to the employment of minors, where a contractor brings, onto the premises of such owner, a minor unlawfully employed, who is later injured.

2. The owner owes no statutory duty to the minor to guard his safety, to instruct the boy as to dangers incident to his work, or to offer him a reasonably safe place in which to work.

3. While the owner in such case is required to use reasonable precautions to guard the boy against injury, he will not be liable

where causes of the injury intervened which he neither did nor could expect.

4. Where the relevant facts as to the injury are not in doubt, the case is for the court as a matter of law.

5. An act in tort, in order to fall within the category of proximate cause, must be such as will probably result in harm; and a cause is regarded in law as remote if an injury complained of was an unlikely or improbable consequence thereof.

Argued March 20, 1923. Appeals, Nos. 258 and 259, Jan. T., 1923, by plaintiffs, from judgment of C. P. No. 4, Phila. Co., March T., 1919, No. 479, for defendant n. o. v., in case of Frederick Rugart, by his father and next friend, Charles Rugart, and Charles Rugart in his own right, v. Keebler-Weyl Baking Co. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before AUDENRIED, P. J.

The opinion of the Supreme Court states the facts.

Verdict for Frederick Rugart for $10,000, and for Charles Rugart for $2,298. Judgment for defendant n. o. v., in opinion by AUDENRIED, P. J. Plaintiffs appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*William T. Connor,* with him *John J. McDevitt,* for appellants.—Where work is being done by an employee of an independent contractor for the owner or lessee of a building which work is for the mutual benefit of all parties, the owner or lessee of the building owes to the employee of the independent contractor the duty of reasonable care: Papilios v. Mfg. Co., 58 Pa. Superior Ct. 70; Newingham v. Blair, 232 Pa. 511; Metzger v. Cramp, 235 Pa. 17; Craig v. Mfg. Co., 272 Pa. 219; Brown v. Steel Foundries, 272 Pa. 231; Pittsburgh v. Grier, 22 Pa. 54; Hey v. Phila., 81 Pa. 44; Gas Co. v. Robinson, 99

Pa. 1; Burrell Twp. v. Uncapher, 117 Pa. 353; Davis v. Twp., 196 Pa. 273; Chambers v. Carroll, 199 Pa. 371; Butterman v. Construction Co., 206 Pa. 82; Cohn v. May, 210 Pa. 615; Miller v. Electric Light Co., 212 Pa. 593; Trout v. Electric Co., 236 Pa. 506; O'Gara v. Electric Co., 244 Pa. 156; Siever v. Ry., 252 Pa. 1; Howarth v. Express Co., 269 Pa. 280.

The question as to whether defendant was negligent in failing to guard the shafting which caused the minor plaintiff's injuries was one which should have been left to the jury: Fredd v. Garrett, 240 Pa. 17; Metzger v. Cramp, 235 Pa. 17; Lanahan v. Mfg. Co., 240 Pa. 292; McCoy v. Wolf Co., 235 Pa. 571.

*Layton M. Schoch,* with him *Joseph Gilfillan,* for appellee.—The judgment of the court below was properly entered: Bannon v. R. R., 29 Pa. Superior Ct. 231; Martin v. Pond Co., 214 Pa. 616; Metzger v. Cramp, 235 Pa. 17; Myers v. Electric Co., 225 Pa. 387; Boyd v. Harris, 176 Pa. 484; Krutlies v. Coal Co., 249 Pa. 162.

OPINION BY MR. JUSTICE KEPHART, April 30, 1923:

Frederick Rugart, plaintiff, four days short of being sixteen years of age, son of Charles Rugart, was badly injured at defendant's bakery. He was employed by the Eastern Elevator Company, contractor to install electric connections for defendant's soldering irons. The boy was sent by the contracting company to assist in doing the work, and, at the time of the accident, was aiding in running wires from the irons to a switchboard in the cellar. Defendant did not control or supervise the work; it merely indicated the points where the irons were to be placed. The accident occurred on the third floor of the bakery, between the hours of two and three in the afternoon.

In this room, three feet from the front wall, were six doughmixing machines, used in making marshmallow paste. They were about three and a half feet in height,

and were made entirely of metal. A belt, attached to a shaft above, about two inches in diameter, communicated the power to the machines from an electric motor. This shaft ran across the room parallel with the front of the building, and three or four feet therefrom. It was directly over the mixers, and was suspended by hangers seven feet from the floor.

This room was fitted up with a fire extinguishing system, consisting of a number of perforated connecting water pipes, secured along the beams of the ceiling. The perforations would open when the pipes reached a certain temperature. One of these pipes ran across the room parallel with and a few feet from the shaft. The mixers were not then in use, but the shaft was in motion.

Rugart was on top of a mixer under the water pipe, waiting to receive wires as they were pushed through a conduit. He was expected to pull them from the floor above. While waiting for his companion to pass the wires through, he amused himself by exchanging pleasantries with the girls employed at tables icing marshmallow cakes. For some unknown reason, one of the girls threw a piece of dough or cake, that struck the sprinkler pipe nearest to where he stood. Its impact on the pipe caused a precipitation of water that blinded and confused him. In this dazed condition, his arm and body became involved with the shaft, causing serious injuries to him.

It is admitted one of defendant's executive officers knew the boy was working near the revolving shaft, standing on the mixer, and could have shut off the power. The court below submitted the case to the jury on the question of defendant's negligence in not shutting off the power, assumption of risk by the boy, and failure to provide a safe place in which to work, the question of contributory negligence being conceded to be out of the case. The court eliminated consideration of the statutory duty of defendant to guard the shaft under the factory acts. Verdicts were returned for plaintiffs, on which

the court subsequently entered judgment n. o. v. for defendant. On this appeal, all these questions have been argued at length.

The Act of 1905 is inapplicable to the facts of this case. It is an act to regulate employment by regulating the age at which minors may be employed, and the safety and health of employees. The purpose is to safeguard employees in the factories or buildings of their employers; it does not extend to the premises of others where such employees happen to be. It does not embrace the premises of those who might engage the employer to work. Such persons do not incur liability under the act as employers of minors, where the employer brings onto the premises a minor unlawfully employed, who may later be injured. To subject to liability within the terms of the act, the relation of master and servant must exist, or a situation tantamount thereto; otherwise the common law rules applicable to torts govern injuries of this character.

This defendant owed no statutory duty to the boy plaintiff to guard its shafting, to instruct him as to the dangers incident to his work, or to offer him a reasonably safe place in which to work. These were obligations of the employer, whose duty it was to provide a safe place, and to instruct the employee in the dangers incident to his work, as well as to observe the statutory duty of employment. Metzger v. Cramp, 235 Pa. 17, does not apply. The interrelated duties under the general contract would have been sufficient to carry that decision; it is analogous to the case that, where two contractors must use the same premises in which to do work, they must observe due care one to the other. Moreover, in that case the removal of the guardrail was an act of negligence, and defendant directed the employee to work on the particular scaffold above the floor. In Lanahan v. Arasapha Manufacturing Co., 240 Pa. 292, the employee was working at a place where he was directed by defendant to assist in erecting a scaffold. Neither of these cases control the funda-

mental principle of law applied by the court below, and while machinery is to be guarded for the protection of those working at or about it, and all other employees in the employer's establishment who may fairly and without fault come in proximity to it, this does not comprise employees of a third person, who, as workmen of an independent contractor, happen to be brought in contact with the machinery of the contractor.

It is true defendant must manage its machinery so as not to injure persons engaged in the work under contract; it was required to use reasonable precaution to guard against injury: Brown v. American Steel Foundries, 272 Pa. 231. But with defendant's negligence established in this respect, it was not the proximate cause of the injury. We can add nothing to what the learned president judge of common pleas No. 4 said in discussing the question:

"We think, however, that binding instructions to find for the defendant should have been given, because under the plaintiff's own theory as to how Frederick Rugart's arm came into contact with the shaft, the accident could not have been foreseen by the defendant as a probable result of its failure to turn off the power that caused the shaft to revolve.

"In jure non remota causa, sed proxima, spectatur. Without attempting to define formally what is meant by the term 'proximate cause,' we may safely affirm, in the case of a tort, that, in order to fall within this category, an act must be such as will probably result in harm, and that a cause is regarded in law as remote if an injury complained of was an unlikely or improbable consequence thereof.

"In Pennsylvania, liability for negligence depends on the antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury imputed to the defendant is such that a person of ordinary intelligence would have fore-

seen it as the natural and probable outcome of his conduct.

"As the case stood, the trial judge should have decided whether the injury that young Rugart suffered was a consequence that the defendant should have foreseen when, aware of his proximity to the shaft, it omitted to switch off the motor. We are of the opinion, on the plaintiffs' own theory of the matter, that it was not.

"Between the failure of the defendant to turn off the switch and the boy's injury, causes intervened whose intervention the defendant neither did nor could expect. It does not appear that it was within the scope of duty of the girls, employed at work in the room where the accident occurred, to throw cakes or dough at Rugart or Klossman, and the defendant had no reason to anticipate such an act on the part of any of them. Neither could it be foreseen that a missile so thrown would strike the fuse that controlled the operation of the sprinkler, or that, if it did so, it would cause the water therein to fall on Rugart and blind him.

"In our opinion the relation between the negligence complained of and the injury of the plaintiff is too remote to afford a ground on which to hold liable the defendant in this action. It is true that in other jurisdictions the question of proximate cause is most frequently left to the jury. In this Commonwealth, however, the question, within certain limits, is regarded as one of law (i. e. legal cause), and where, as in this case, the relevant facts are not in doubt, the courts have not hesitated to assume the responsibility of deciding it: Hart v. Allen, 2 Watts 114; Morrison v. Davis, 20 Pa. 171; Scott v. Hunter, 46 Pa. 192; Penna. R. R. Co. v. Kerr, 62 Pa. 353; Hoag et al. v. Lake Shore and Michigan Southern R. R. Co., 85 Pa. 293; Oil City & Petroleum Bridge Company v. Jackson, 114 Pa. 321; Gaughan v. Phila., 119 Pa. 503; Commercial Ice Co. v. Phila. & Reading Ry. Co., 197 Pa. 238.

"Whatever may be our regret for the terrible misfortune of the younger plaintiff, it must not prevent us from disposing of the case in accordance with our view of the law applicable to the facts, and we, accordingly, grant the defendant's motion for judgment in its favor."

Judgment affirmed.