## Hayes et ux. *v.* Schomaker, Appellant.

Argued October 3, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Harvey A. Miller,* of *Miller, & Nesbitt,* for appellant.

*Harold E. McCamey,* of *Dickie, Kier & McCamey,* for appellee.

Opinion by Mr. Justice Frazer, November 24, 1930:
Plaintiff, Marie D. Hayes, wife of James F. Hayes, was injured in a right-angled collision, at the intersection of Wynhurst Street and California Avenue, in the City of Pittsburgh, between an automobile she was driving and one driven by defendant. She recovered a verdict for $5,000 and her husband one for $1,200. Motions for a new trial and for judgment non obstante veredicto were argued and the court below dismissed the latter motion but ordered a new trial unless plaintiffs remitted the portions of the verdicts in excess of $4,000 for Mrs. Hayes, and $600 for her husband. Remittitur of the excess was duly filed in each case and judgment entered on the verdicts as reduced, from which action these appeals followed. Both appeals will be disposed of in one opinion.

Plaintiff, Mrs. Hayes, was driving her automobile southwardly on Wynhurst Street and stopped practically even with the north curbline of California Avenue into which she desired to make a left-hand turn. According to her testimony she noticed a street car with trailer attached approaching from her left, the front part of the car about 100 feet distant. She observed traffic approaching in the rear of the car, and also saw a woman step into the roadway toward the street car with apparent intention of becoming a passenger. Observing that the street car was slowing down to stop, which it did approximately fifty feet from the crossing, plaintiff started forward in low gear and changed to second gear as she advanced and as she reached the point where the front of her automobile was on the nearest street car track, she saw defendant's car in the act of passing the trolley car and approaching her at a speed of 35 or 40 miles an hour. In this situation she increased the speed of her car, expecting defendant

would pass to the rear of her automobile; instead however of so doing, defendant swerved to his left and collided with plaintiff's car about the middle of the left side. Defendant's theory is that plaintiff was guilty of contributory negligence, first, in starting to cross the street ahead of traffic she saw approaching on the intersecting street, and, second, in attempting to cross to the left of the center of the intersecting highway instead of passing to the right as required by law in making a left-hand turn.

In view of the situation which confronted plaintiff at the time she approached the crossing, the question whether she exercised such care as the circumstances demanded was necessarily for the jury. The record discloses no evidence of traffic ahead of the approaching trolley car when she reached the intersecting street. According to her own testimony she saw traffic to the rear of the street car or along the side of the trailer and under her evidence the jury would have been justified in concluding that, taking into consideration the length of the trolley car and its trailer, oncoming traffic was practically 200 feet distant. In addition to this, the street car was slowing down for the evident purpose of receiving a passenger. Under all the circumstances, it was clearly for the jury to say whether plaintiff was justified in concluding she had ample time to cross ahead of both car and traffic or that the oncoming traffic would not pass the trolley car until the passenger had opportunity to enter and had again started on its way. The motorman testified that as defendant's car passed the front of his trolley car its speed was increased. His testimony, together with that of plaintiff, justified the conclusion that plaintiff had reached the crossing so far in advance of approaching traffic that she was able with reasonable safety to cross the street.

While it is the duty of the driver of an automobile, in approaching street crossings, to have his car under control and not attempt to cross in the face of oncoming

traffic merely because he is approaching from the right and entitled to the right of way, yet when he reaches the crossing in advance of other traffic, he may assume drivers of other automobiles approaching on intersecting streets will do so at a moderate speed with their cars under control. A driver is not obliged to anticipate and guard against a collision with a car driven at a high speed and in violation of rules governing the operation of automobiles on the highways: Davis v. American Ice Co., 285 Pa. 177, 181, 182; Weschler v. Buffalo & Lake Erie Traction Co., 293 Pa. 472, 475; Newman v. Protective Motor Service Co., 298 Pa. 509, 513. Plaintiff, according to her own testimony, which is to some extent corroborated by other witnesses and by the manner in which the collision occurred, was the first to arrive at the crossing and whether, in view of the distance between the intersection and approaching traffic, she was justified in concluding she had abundant time to cross ahead of such traffic, was a question for the jury.

Under the foregoing statement of facts the question of negligence of defendant was clearly one for the jury and requires no further discussion.

The evidence is conflicting as to whether plaintiff, in attempting to turn left at the corner, passed to the left or to the right of the center of the highway. This conflicting testimony necessarily raises a question for the jury; if, however, we assume she passed to the left of the center, this did not necessarily convict her of contributory negligence as a matter of law, because such act by her, to prevent recovery, must have been the proximate cause of the accident. Had the collision occurred, for example, with defendant's car approaching on the same street from the opposite direction and while plaintiff was making a right-hand turn by cutting across to the left of the center of the highway, the reasonable conclusion must follow that the collision was due to plaintiff's own act in violating a statute and driving on the forbidden part of the roadway. In the present case, how-

ever, we find nothing to indicate that the act of plaintiff, in driving to the left of the center of the intersecting street, if she did so drive, contributed to the accident. The trial judge submitted this question to the jury, instructing them in effect that if plaintiff turned to the left of the intersection and in so doing contributed in any manner to the accident, she was not entitled to recover because of her own contributory negligence, but if driving on the left-hand side of the street did not cause or contribute to the collision, then plaintiff was not guilty of contributory negligence even though violating the provisions of the statute governing left turns at street intersections. This charge was in accord with the general rule that violation of a statute is no proof of negligence unless such violation is the proximate and efficient cause of an accident which follows: Zandras v. Moffett, 286 Pa. 477, 480; Gaupin v. Murphy, 295 Pa. 214, 217.

The remaining question involved is whether the verdicts as reduced were excessive. Plaintiff's injuries consisted of a scalp wound and bruises. She was under treatment of her physician for six weeks following the accident, after which time she had fully recovered so far as physical injuries were concerned. The record however discloses medical testimony to the effect that Mrs. Hayes suffered considerably from nervous shock and at the time of the trial, which was a year and a half after the injury, was suffering from traumatic neurasthenia and other effects of the accident, which, in the opinion of physicians, might be improved by an operation. Under the circumstances, we cannot say that the verdicts as reduced are so excessive as to require us to set them aside.

The judgment in both appeals is affirmed.