## Hutchinson *v.* Follmer Trucking Company, Appellant.

Argued January 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Bernard J. Myers,* of *Zimmerman, Myers & Kready,* for appellant.

*G. T. Hambright,* with him *Harold K. Wood, J. Paul MacElree* and *John E. Malone,* for appellee.

OPINION BY MR. JUSTICE STERN, March 22, 1939:

Adelbert Hutchinson, driving a milk truck eastwardly on the Harrisburg Pike at about quarter to four in the morning of March 3, 1936, ran into the rear of the westernmost of a fleet of three trucks which also were headed east and which were owned and operated by defendant. The accident occurred in the village of Salunga, Lancaster County. It was snowing at the time and the visibility was extremely poor. Hutchinson was killed. His widow brought the present suit to recover damages for herself and two minor children, and obtained a verdict and judgment in the court below.

Plaintiff's statement of claim charged that the drivers of defendant's trucks were negligent in parking them on the highway, without adequate signals or warnings, at a point where the road curved and they could not be observed by cars coming in an easterly direction; in failing to warn approaching traffic that the road was not clear; in operating the trucks in a negligent manner under the circumstances; and in failing properly to equip the truck involved in the collision. Had any of these allegations been supported by testimony and shown to have caused the accident, the verdict would be sustainable; unfortunately for plaintiff, the required evidence was not forthcoming and the judgment must therefore be reversed.

The statement of claim was apparently drafted on the assumption that defendant's trucks stopped, one in back of the other, on the 18-foot concrete highway, in order that the drivers might remove the chains, and that while this work was going on the trucks were allowed to remain standing on the paved portion of the road instead

of on the 12-foot cinder berm. But at the trial plaintiff was unable to establish either that defendant's trucks had been parked on the paved portion of the highway or that they were standing there when the accident occurred. On the contrary, the uncontradicted testimony was to the effect that at least the two easterly trucks were parked off the concrete, and there was no evidence as to the third one except that immediately after the collision the truck and trailer portions of it were "jack-knifed" so as to rest partly on and partly off the paving. Furthermore, plaintiff's principal witness testified that, having been aroused from sleep by the noise made by the removing of the chains, she looked through her window and observed the drivers finishing this work. She continued: *"I saw them start.* Q. How many of the trucks did you see start? A. They gave signals to the two ahead, *and then the third one started."* She then left to go back to bed, but, hearing a crash, returned to another window and saw that a collision had occurred. No witness testified to the contrary, so that it definitely appears that the third truck, which was the one that was struck, had started and was in motion at the time of the accident. Whatever, therefore, the duty of defendant may have been in connection with the parking of the trucks, it was legally ended when the parking ceased and the onward motion was resumed, and, whatever faults may have existed as to the place or mode of parking, they played no role in the subsequent tragedy.

Plaintiff, being thus obliged to seek other grounds upon which to predicate defendant's liability, seizes upon the theory that the accident may have happened by the driver of the truck moving out into the roadway without first looking for approaching traffic. This, however, is purely conjectural; there was no eyewitness nor any testimony as to how far away Hutchinson was when defendant's truck recommenced its eastward movement. Negligence is never presumed from the mere happening of a collision; in the absence of evidence it cannot be in-

ferred that one party rather than the other was at fault: *Klein v. Philadelphia Rural Transit Co.,* 320 Pa. 548; *Niziolek v. Wilkes-Barre Railway Corporation,* 322 Pa. 29; *Ranck v. Sauder,* 327 Pa. 177; *Brooks v. Morgan,* 331 Pa. 235.

A witness testified that defendant's truck was not equipped with "identification" lamps. He admitted, however, that it had a clearance lamp on each corner of the body, a tail lamp and a stop light combination. Even if the failure to have identification lamps was a noncompliance with section 14 of the Act of July 16, 1935, P. L. 1056, 1065,[1] there is no basis for an inference that this contributed to the happening of the accident, the other lights being present. The violation of a statute is not a ground of liability unless shown to have been the proximate or efficient cause: *Stubbs v. Edwards,* 260 Pa. 75; *Lane v. Mullen,* 285 Pa. 161; *Hayes v. Schomaker,* 302 Pa. 72; *Nevin Bus Line v. Hostetter Co.,* 305 Pa. 72, 77, 78.

In view of what has been said as to the lack of proof of actionable negligence, it is unnecessary to discuss at length the question of contributory negligence, but it may be pointed out that if, as contended by plaintiff, defendant's truck, with its various lights, was standing on the concrete highway, there was apparently no legal excuse for Hutchinson's failure to see it and avoid a collision. No principle of the law of negligence has been more frequently emphasized in recent decisions[2] than that establishing the duty of the operator of a motor vehicle to maintain such control over it as to enable him to bring it to a stop within the range of its headlights,— a mandate fixed and unchangeable, however much the visibility be impaired by storm, darkness, fog, a curve

---

[1] The dimensions of the truck and the description of its other equipment were not sufficiently stated in the testimony to determine this question.

[2] It is also imbedded in the statutory law: Act of May 1, 1929, P. L. 905, sec. 1002, and amendments.

in the road, or other conditions: *Filer v. Filer,* 301 Pa. 461; *Mason v. Lavine,* 302 Pa. 472; *Simrell v. Eschenbach,* 303 Pa. 156; *O'Rourke v. Washington City,* 304 Pa. 78; *Cormican v. Menke,* 306 Pa. 156; *Shoffner v. Schmerin,* 316 Pa. 323; *Stark v. Fullerton Trucking Co.,* 318 Pa. 541; *Janeway v. Lafferty Bros.,* 323 Pa. 324; *Schwartz v. Jaffe,* 324 Pa. 324; *Gaber v. Weinberg,* 324 Pa. 385. Although there was evidence that Hutchinson was proceeding at a moderate rate of speed when some distance west of the place where the accident occurred, either such speed, even if not thereafter increased, was too great to enable him to stop after seeing the obstacle ahead of him, or he was not paying the extremely careful attention to the roadway which the unusual condition of the weather made imperative.

The judgment is reversed and here entered for defendant.