Vunak *v.* Walters, Appellant.

Argued April 20, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*J. Thomas Hoffman,* with him *William J. Askin, Jr.,* for appellant.

*H. Murray Lubic,* for appellee.

OPINION BY ROSS, J., July 19, 1945:

On December 21, 1938, at about 9:45 A. M., the plaintiff, George Vunak, while driving in a southerly direction on East Street in the City of Pittsburgh, found it necessary to make certain mechanical adjustments to the truck he was driving. He drove his truck to the opposite side of the street and parked it on the west side of East Street, parallel with and against the curb, facing traffic coming on that side of the street. After placing a red flag 150 feet in front and another red flag 150 feet behind his truck, he crawled under the truck to make the needed repairs and while he was under it, the defendant in his car struck the parked truck and the plaintiff, Vunak, was injured. In a trial before a jury in the court below a verdict was returned for the plaintiff. The defendant's motions for judgment n. o. v. and new trial were denied and this appeal followed.

The appellant contends that the plaintiff was guilty of contributory negligence as a matter of law by parking or stopping his truck on the "wrong" side of the street, and in support of his contention relies upon the Act of May 1, 1929, P. L. 905, Article 10, section 1020 as amended, 75 PS section 612, which provides that "the operator of a vehicle shall not stop, stand or park such vehicle . . . other than parallel with the edge of the highway, headed in the direction of traffic and with the curb side of the vehicle within six inches of the edge of the highway or curb."

The plaintiff was bound to present a case which discloses that he exercised due care or was free from negligence or, as has sometimes been expressed, he must not show that he failed to exercise due care. *Adams v. Gardiner*, 306 Pa. 576, 160 A. 589. On a rule for judgment n. o. v. the testimony must be read in the light most favorable to the plaintiff and he must be given the benefit of every fact and inference of fact which may be reasonably deduced from the evidence. *Christ v. Hill Metal Sheet Roofing Company*, 314 Pa. 375, 171 A. 607.

According to the testimony, East Street at the place of the accident was 65 feet wide, with street car tracks in the center. There was one automobile following defendant's and no vehicles approaching in the opposite direction, and there was space for two cars to pass between the curb and the street car tracks on each side of the tracks. Plaintiff testified that he was parked parallel with the curb and against it. The defendant and his witnesses testified that the plaintiff's truck was parked at an angle and one of defendant's witnesses testified further that had the plaintiff's truck been parked parallel with the curb and against it, there would have been room for two cars to pass. The jury, apparently, believed the plaintiff's testimony. The fact that plaintiff violated a statute, of itself, does not convict him of such negligence as will prevent recovery. Something more than a failure to observe the mandate of a statute or to perform a statutory duty, as an attending circumstance, must appear. The violation must have a definite causal relation to the injury. *Metz v. Pittsburgh Railways Company*, 135 Pa. Superior Ct. 534, 7 A. 2d 505. The violation of a statute will not convict a plaintiff of contributory negligence unless it was the effective cause of the accident or, at least, contributory to its happening. *Purol Inc. v. Great Eastern System, Inc.*, 130 Pa. Superior Ct. 341, 197 A. 543.

Under the evidence in this case and the jury's finding, it cannot be said as a matter of law that the plaintiff's

violation of the statute contributed to the accident. A person will not be held guilty of negligence as a matter of law unless the evidence is clear and unmistakable. *Murphy v. Bernheim and Sons, Inc.*, 327 Pa. 285, 194 A. 194; *Schildnecht v. Follmer Trucking Company*, 330 Pa. 550, 199 A. 220. Here the question of contributory negligence was for the jury. *Riefer v. Niehl Transportation Company*, 309 Pa. 251, 163 A. 529.

In further support of his motion for judgment n. o. v., the defendant contends that there was no proof that he was negligent in the operation of his automobile. The plaintiff had no eyewitness to the accident and although that is not essential there must be affirmative proof of the negligence of defendant before recovery can be had. Proof may be furnished by the circumstances themselves. The test is whether they are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the defendant. *Ferry v. Philadelphia Rapid Transit Company*, 232 Pa. 403, 81 A. 426; and if there is any doubt as to the inferences to be drawn from the facts where the degree of care varies with the circumstances, the question of negligence is for the jury. *Frank v. Cohen*, 288 Pa. 221, 135 A. 624; *Todd v. Nesta*, 305 Pa. 280, 157 A. 678.

The testimony of the defendant and his witnesses was that he was driving his automobile at the rate of 15 miles an hour down "a steep grade"; that the street on which he was traveling was "very icy"; that it "looked more like a mirror than a paved street"; and "it was so slippery I would not even have wanted to walk down it"; that "it was about the worst glaze of ice that you can expect on Pittsburgh streets. It was very smooth"; that he saw the plaintiff's truck directly in front of him when he was about 100 yards away but that he did not try to turn out until he was about 50 yards away and that when he did, his car "just slid straight ahead", colliding with the plaintiff's truck.

Proof of the skidding of defendant's automobile does not, of itself, show negligence but it must be shown that the skidding was the result of defendant's negligent conduct. *Lithgow, Exrx. et al., v. Lithgow,* 334 Pa. 262, 5 A. 2d 573. In the instant case we have more than a mere skidding. There was proof as to the icy condition which existed over the entire street. Although 15 miles an hour cannot as a matter of law be said to be excessive speed, yet the jury in this case might very well have found it to be so when they considered the general condition of the street. They might also have considered the defendant negligent in waiting until he was within 50 yards of the plaintiff's truck before he tried to pull away from it.

The skidding in this case might reasonably have been anticipated, and it was for the jury to determine, under proper instructions from the court, whether under the circumstances, the defendant was guilty of negligence. *Laessig v. Cerro,* 149 Pa. Superior Ct. 155, 27 A. 2d 731. We are of the opinion that the case was properly submitted to the jury and that the trial judge's charge was free from error.

Judgment is affirmed.