Jerominski, Appellant, *v.* Fowler, Dick & Walker.

292

Argued November 14, 1952. Before STERN, C. J., STEARNE, JONES, CHIDSEY and MUSMANNO, JJ.

*Thomas C. Moore*, with him *John R. Verbalis* and *J. Leonard Langan*, for appellant.

*William S. McLean*, with him *Shortz, James & McLean*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 5, 1953:

On January 19, 1948, at about 12:30 p.m., the plaintiff Helen Jerominski, while descending a stairway between the fourth and third floors of the defendant's department store, fell and was injured. At the ensuing trial of the suit in trespass filed by her against the owners of the store, she testified that her foot came into contact with an oily or greasy substance on the

third or fourth step of the stairway and this caused her to slip, and being unable to recover balance, she was precipitated to the bottom of the 22 step stairway.

At the termination of the plaintiff's case the lower court entered a nonsuit which it refused later to take off. From this refusal an appeal was taken to this Court.

One witness called by the plaintiff, a Mrs. Hoyt, testified that at 10:15 the morning of the accident she observed a "white substance about 3 inches in diameter that looked like "cream oil" about half way down the steps and that during the next one and one-half hours she noted this foreign substance twice again. At 12:30 she witnessed the plaintiff step on to the grease spot (half way down the stairway,) and fall.

The learned court below regarded this discrepancy between the testimony of the plaintiff and the testimony of Mrs. Hoyt (as to the location of the grease spot) as a fatal one, ignoring the proposition that a plaintiff on the witness stand being, after all, only a witness, may err in narrating the details of any transaction, as can anyone else. Whether the error or slip of memory is of such proportion as to challenge the plaintiff's honesty or accuracy regarding the very subject matter of the litigation is for the jury to determine. There is no law that requires the victim of a fall to count the steps as he or she tumbles to serious injury. In the natural excitement, apprehension and even terror of an unimpeded, helpless plunge down a steep flight of steps, the victim could hardly be held to a precise recollection as to whether the exact beginning of the violent descent occurred on the fourth step or the eleventh step. And in point of fact the plaintiff did not declare with absolute finality that the initial downfall took place on the third or fourth step. She stated that it was *around there. . .* I was

pretty near the top *but I wouldn't say for sure;* I said *about* the third or fourth step."

The theory of the lower court in entering the nonsuit was that since there was no other evidence of existence of a soft substance on the third or fourth step any length of time prior to the accident, there could be no evidence of negligence on the part of the defendant. The rule that a plaintiff is bound by his own testimony "has been limited to situations in which a party's testimony amounts to such a stipulation or waiver as to have the force of a judicial admission, and has been said to apply only when a party's testimony is clear and unequivocal and not when it is inconsistent and conflicting. It is subject to exceptions, as where . . . his testimony relates to an objective matter about which he might honestly be mistaken, such as estimates of time, distances, or speed, or where it consists of a mere expression of an opinion, rather than a statement of fact. More broadly, the view is expressed that a party is not bound by his own testimony where there is other evidence in the case, including the adverse party's, which is more favorable to him, even though it conflicts with his testimony, since a party may be mistaken in his testimony, like any other witness; in other words, a party is regarded as not bound by his testimony where there is contradictory evidence or circumstances which the trier of facts might fairly believe." 32 C.J.S., p. 1112.

Where there is an obvious possibility that a plaintiff may be mistaken, "as may any other witness, he is not concluded thereby notwithstanding other witnesses give a different version." (20 Am. Jur., p. 1033.)

It is not necessary to emphasize here the well-known rule that in passing upon a motion for a nonsuit, the lower court was required to give to the plaintiff the benefit of every fact and every reasonable inference

in her favor flowing from those facts. The jury could well have found that the recollection of Mrs. Hoyt who saw the grease on three different occasions prior to the accident and then finally when the plaintiff came into contact with it was sufficiently reliable upon which to conclude that Miss Jerominski came to her grief because of falling at the point where Mrs. Hoyt located the grease, even though the plaintiff herself placed the slippery spot elsewhere on the stairway.

The lower court was of the impression that even if it were established that the slippery material on the steps was there two hours before the accident, this fact would not constitute sufficient notice to sustain a finding of negligence against the defendant store owner. With this conclusion we do not agree. A store owner who invites the public to do business on his premises, although not an insurer of the safety of the invitee, has the affirmative duty of maintaining his premises in a reasonably safe condition for the contemplated use thereof and for the purpose for which the invitation was extended, or to give warning of any failure to maintain them in that condition: *Vetter v. Great A. & P. Tea Co.*, 322 Pa. 449, 185 A. 613; *Nettis v. Gen. Tire Co. of Phila. Inc.*, 317 Pa. 204, 177 A. 39.

In *Caldwell v. Sears-Roebuck & Co.*, 31 F. Supp. 888 (D. Ct. of W.D. of Pa.), it was held: "'Defendant owed to the plaintiff the affirmative duty of keeping his premises reasonably safe for business visitors, such as plaintiff, and of giving warning of any failure to maintain them in that condition . . . Plaintiff was entitled to rely on defendant's performance of this duty'".

The defendant has argued that its duty to make reasonable inspection of the stairway was lessened because it also provided an elevator, but this argument is entirely untenable. If. there was a stairway at all,

it had to be a safe stairway. And to require inspection every two or three hours of an artery of pedestrian traffic in a busy department store is not an unreasonable requirement; and it was for the jury to declare whether the care required under the circumstances was met by the defendant.

It is also urged on behalf of the defendant that if the white spot of grease was sufficiently obvious to constitute constructive notice to the defendant, it was equally obvious to the plaintiff, and her failure to take heed of its presence convicted her of contributory negligence. The plaintiff testified that shadows concealed the substance from view. This, again, was a question of fact for the jury.

The defendant relies on *Mammana v. Easton National Bank,* 338 Pa. 225, 12 A. 2d 918, *Beck v. Stanley Company of America,* 355 Pa. 608, 50 A. 2d 306, and other cases to support its contention that the plaintiff was guilty of contributory negligence as a matter of law because there was a duty upon her to feel her way carefully with extended foot. There is nothing in the record to show that the plaintiff did not proceed with caution in negotiating the stairway. And the jury may well have found, also, that regardless of the slowness with which the plaintiff planted each foot on the treads of the stairway, she nevertheless would have been thrown down upon contact with the grease which was hidden from her gaze by the shadows.

The plaintiff was under no duty to make a close scrutiny of the steps before taking to them. If every store customer had to carefully check each tread before committing his step to it the resulting congestion might more readily produce accidents than any normally-paced use of such steps. In *Ross v. Mayflower Drug Stores,* 324 Pa. 513, 188 A. 346, this Court said: ". . . plaintiff did not look for and did not see the ice,

nor did she look at the step which was level with the floor of the store or observe its icy condition as she stepped upon it in leaving. There is a question whether, in view of the light conditions and the dark color of the ice itself, she would have seen it unless her scrutiny had been very close . . . the step was in a shadow due to the fact that the lower part of the door was made of wood. When the door was opened, the plaintiff's own shadow was cast on the steps, because the lights were behind her. When she placed her foot on the step in entering the store she did not slip; nothing was indicated to her senses that the condition of the step forboded danger and that she might slip on leaving. . . . In Clark v. Lancaster, 229 Pa. 161, 164, 78 A. 86, 87, we said: 'She [plaintiff] admitted that she was not looking down on the ground as she was walking along, but was looking straight ahead. This, however, was not sufficient to convict her of contributory negligence for it must have appeared that, if she had looked, she could not have helped seeing the danger.' This was substantially repeated in Gorman and Gorman v. Phila., 82 Pa. Superior Ct. 136; and in Ralston v. Merritt, 117 Pa. Superior Ct. 487, 490, 178 A. 159, 160. . ."

Nor did the plaintiff's failure to make use of the elevator provided for the customers convict her of contributory negligence, for as was held in *Angelelli v. A. J. Mansmann Co.,* 168 Pa. Superior Ct. 275, 77 A. 2d 678: "Ordinarily she (plaintiff) used the elevator, and in fact, had to pass the elevator on the second floor in order to reach the stairway, *but that fact is immaterial since she, of course, was not bound to use the elevator."*

We hold that the defendant's negligence and plaintiff's contributory negligence were entirely questions of fact for the jury to determine, and the order of nonsuit is therefore reversed with a procedendo.