Lakata *v.* DiSandro, Appellant.

Argued March 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Ralph S. Croskey*, with him *Croskey & Edwards*, for appellant.

*Edwin Fischer*, with him *George Ovington, 3rd*, for appellees.

OPINION BY HIRT, J., April 29, 1954:

The defendant had excavated a trench along the west side of Burholme Avenue running northwardly 400 feet from Stanwood Street to Solly Avenue in the City of Philadelphia under a contract with the city for the construction of a sewer. Solly and Burholme Avenues come together in an inverted L intersection. Plaintiffs lived on the east side of Burholme Avenue some distance south of Solly Avenue. The wife-plaintiff's mother lived on the west side of Burholme Avenue diagonally across from her daughter's home. About 8 p.m. on October 26, 1949, this plaintiff, intending to go to her mother's house walked north to Solly Avenue and, in crossing Burholme Avenue in the intersection, fell into the open end of the sewer excavation and was injured. In this action for resulting damages the

verdicts were for each of the plaintiffs. This appeal is from the refusal of the lower court to enter judgments in favor of the defendant n.o.v.

The defendant admittedly was chargeable with negligence. The end of the open trench was in line with the south curb line of Solly Avenue. There was no red light at that point giving warning of the danger and there were no barricades of any kind along the trench for the protection of pedestrians. Moreover at the end of the workday on that date the defendant had placed a steam shovel in the intersection the front of which was within 27 to 36 inches of the open end of the excavation and extending northwardly across Solly Avenue. The shovel was 15 feet high and 30 feet long. There was a street light at the northeast corner of Burholme and Solly Avenues and an oil flare at the north end of the shovel. The shovel, however, stood between these lights and the end of the trench and cast a shadow on the roadway where Mrs. Lakata walked. Two other lights, on the west side of Burholme Avenue, were too far away to light up the narrow passageway between the shovel and the end of the trench. The single question for us is whether the wife-plaintiff is chargeable with contributory negligence as a matter of law. The judgments entered on the verdicts will be affirmed.

The trench had been extended into the intersection by the defendant on the day of the injury. Mrs. Lakata was acquainted with that fact and she had notice of the location of the open end of the ditch from having observed her mother in the intersection as she crossed to the west side of Burholme Avenue in the roadway north of the excavation in midafternoon of that day. There was no alternate safe route available to this wife-plaintiff. An accumulation of tools of the contractor barred passage around the north end of the shovel, and excavated material piled 12 to 15 feet high on the va-

cant lots along the west line of Burholme Avenue closed a safe way to the mother's home by way of Stanwood Street. In general, it is only where the facts plainly show that the injured person had the choice of two ways one of which was safe and the other subject to risks or even dangerous conditions that it can be said that such person is chargeable with contributory negligence as a matter of law. *Wensel v. North Versailles,* 136 Pa. Superior Ct. 485, 7 A. 2d 590; *Schaut v. St. Marys' Borough,* 141 Pa. Superior Ct. 388, 14 A. 2d 583.

At the time of the injury Mrs. Lakata was on the way to her mother's home. She had planned to do some sewing with her mother during the evening. We cannot say that her purpose in this respect did not constitute an adequate reason for committing herself to the crossing. Under the circumstances she was not obliged to remain in her own home on pain of assuming the risks involved in walking near the end of the open trench which she knew was there. Cf. *Evans v. Philadelphia,* 205 Pa. 193, 54 A. 775. There had been a change in conditions in the intersection since she had observed it earlier in the day by the placement of the shovel within 27 to 36 inches of the open end of the trench. And the fact that the passageway was not lighted does not charge her with negligence in committing herself to the crossing, as a matter of law. *Rodgers et vir. v. Shaler Twp.,* 164 Pa. Superior Ct. 558, 67 A. 2d 806; *Gillard v. City of Chester,* 212 Pa. 338, 61 A. 929; *Musselman v. Hatfield Borough,* 202 Pa. 489, 52 A. 15. In our view this case is within the class referred to in *Dively v. Penn-Pittsburgh Corp.,* 332 Pa. 65, 69, 2 A. 2d 831, which "necessarily depend largely upon their individual facts". In that case it is said that "the controlling factors in determining the question of contributory negligence in accident cases of this nature

are the degree of darkness and the justification for the injured person's presence in the place of danger". A literal reading of the testimony of the wife-plaintiff as to the degree of darkness, at the place of the injury, would charge her with contributory negligence under the holding of *Ellis v. Drab*, 373 Pa. 189, 94 A. 2d 189 and *Barth et vir. v. Klinck*, 360 Pa. 616, 62 A. 2d 841. But here as in *Polm v. Hession*, 363 Pa. 494, 70 A. 2d 311, it was a reasonable inference for the jury that her testimony in this respect "was somewhat of an exaggeration", and that because of the street light in the intersection, the passageway between the trench and the shovel was not in utter darkness. This wife-plaintiff did not ignore a known dangerous condition and it is not of controlling importance that her recollection was not infallible as to the exact location of the end of the open trench as she had observed it earlier in the day. *Hoss et vir. v. Nestor B. & L. Assn.*, 164 Pa. Superior Ct. 77, 63 A. 2d 435. According to her testimony, which we must accept, she walked slowly across the street in a line which she believed to be north of the open trench; and she said: "I started out with what I thought caution, placing one foot forward firmly, then bringing the other foot—shuffling it along the pavement so that you could feel with your foot and bringing it alongside the next foot. After proceeding that way with several steps, I went off into the hole."

Under the circumstances, even in a case as close as this, it was for the jury to say whether or not the wife-plaintiff exercised due care in crossing the street notwithstanding the known hazard of the open trench. Cf. *Keiser v. P. T. C. et al.*, 356 Pa. 366, 51 A. 2d 715; *Evans v. Philadelphia*, supra. A person may not be declared guilty of contributory negligence as a matter of law unless the evidence of negligence is so clear and

unmistakable that no reasonable basis remains for a contrary inference. *Hoss et vir. v. Nestor B. & L. Assn.,* supra; *Keiser v. P. T. C. et al.,* supra. The evidence in this case could not be said to compel honest minds to reach the one conclusion that the wife-plaintiff failed to exercise the measure of vigilance required of her by the circumstances.

Judgments affirmed.