Diakolios, Appellant, *v.* Sears, Roebuck & Company.

Argued September 27, 1955; reargued October 3, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Harvey E. Schauffler, Jr.,* for appellants.

*Kim Darragh,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 12, 1956:

This is an action of trespass for injuries suffered by wife-plaintiff in a fall in defendant's store while a business visitor therein. The jury returned a verdict for plaintiffs, but on defendant's motion the court below entered judgment for defendant n.o.v. Plaintiffs appeal.

The verdict having been for plaintiffs, it is the well established rule that the testimony and all its inferences must be viewed in a light most favorable to them. The court below recognized this rule, but improperly concluded that plaintiffs failed to establish defendant's negligence as the proximate cause of the wife-plaintiff's fall, and also that she was guilty of contributory negligence.

The jury was well warranted in finding the following facts: Wife-plaintiff, accompanied by a friend, went to defendant's store in the city of Pittsburgh to make purchases. They entered on the first floor and proceeded to the second floor by means of an escalator. Having reached the second floor, they walked to the curtain counter, and in doing so passed the descending escalator. Both then saw a six inch spot "like grease and oil" at a point approximately six inches from the top of the escalator. After they made their purchases they "shopped around" the floor for approximately an hour or more, and then returned to the descending escalator to leave. Each again saw the spot of grease. The wife-plaintiff attempted to avoid the

grease by stepping around it, and in doing so she failed to see a banana skin lying nearby. Her right foot slipped on the banana peel, causing her partially to lose her balance. She succeeded in grasping the bannister to regain her balance but as she did so her left foot came in contact with the greasy substance, which caused her to pitch forward and down the escalator. Plaintiffs' testimony was that she could not and did not see the banana peel because her attention was fixed upon the grease and oil which she tried to avoid. The circumstances as to how or when the banana peel was put where it was, or exactly where it had been in relation to the grease, were not shown. The testimony showed only that after she slipped on it, the peel was about one-half foot away.

It was shown that there was no passenger elevator service; and whether or not there were stairways or any other means of egress or descent does not appear. No attempt was made to establish their existence, either by plaintiffs or by defendant.

The court below, although it had submitted the case to the jury under proper instructions, concluded that judgment should be for defendant for the reasons heretofore stated. But its error lies in not giving proper and deserved effect to the plaintiffs' testimony.

That defendant owed plaintiff a duty to use a high degree of care for her safety cannot be doubted: *Schaff v. Meltzer,* 382 Pa. 43, 45, 114 A. 2d 167.

Nor can it be questioned that proof that the spot of grease was there for more than an hour was sufficient for the jury to find that defendant had or should have had knowledge of its existence. See *Jerominski v. Fowler, Dick & Walker,* 372 Pa. 291, 93 A. 2d 433; *Branch, Admrx. v. Philadelphia Transportation Company,* 374 Pa. 60, 96 A. 2d 860. The evidence submitted

by defendant was not sufficient to overcome plaintiff's very positive testimony, and the matter was plainly a question for the jury. Therefore, negligent conduct on the part of defendant was established. But the court held, and defendant here contends, that its negligence was not the proximate cause of the injuries.

Viewed in a light most favorable to plaintiffs, the jury was justified in its finding that but for the greasy substance the wife-plaintiff would not have fallen and would not have been injured. It was only when her left foot contacted the oily substance that she fully lost her balance and fell. We have held that " 'If the original act [grease] was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes [banana peel] which are not wrongful [as to defendant], the injury shall be referred to the wrongful cause, passing by those which were innocent' ": *Mars v. Meadville Telephone Company,* 344 Pa. 29, 31, 23 A. 2d 856.

Nor does it affect plaintiffs' right to recovery that the defendant could not have foreseen the manner in which the accident occurred, for, as we hold, the negligent conduct was a substantial factor in causing the fall and resulting injuries: Restatement, Torts, §435 (1); *Vereb, Admr. v. Markowitz,* 379 Pa. 344, 349, 108 A. 2d 774.

The court below erred also in finding the wife-plaintiff guilty of contributory negligence. She acted as any reasonable person would under the circumstances. Knowing of the existence of the grease, she naturally fixed her attention upon it to avoid contact with it and possible injury, thus failing to see the banana peel. As of the time she slipped, the exact position of the

banana peel with reference to the grease was not established. Nor was it shown that it should have been seen by the wife-plaintiff. This was a question for the jury only. Cf. *Johnson v. Rulon,* 363 Pa. 585, 70 A. 2d 325.

Nor can it be held as a matter of law that because she knew the grease was there she was contributorily negligent. There was no proof that she could have descended by any other means. She could not be required to remain on the second floor indefinitely, and under the circumstances had reason to believe that she could leave in safety despite the knowledge that the grease was present on the floor. Cf. *Holbert v. Philadelphia,* 221 Pa. 266, 70 A. 746; *Lakata v. DiSandro,* 175 Pa. Superior Ct. 377, 104 A. 2d 502.

Defendant asks that if plaintiffs' appeal is sustained, a new trial be granted since its motion therefor was not argued, nor was it considered by the court below. But the reason advanced is based on the contention that plaintiffs should not be believed because of conflicting testimony. Defendant did not appeal from the refusal of a new trial; but in any event the conflict in testimony and the believability of plaintiffs' testimony were for the jury.

Judgment reversed, and here entered for plaintiffs.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

Plaintiff, of course, has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that its negligence was the proximate cause of her injury: *Gayne v. Carey Mfg. Co.,* 385 Pa. 618, 123 A. 2d 432; *Finnin v. Neubert,* 378 Pa. 40, 105 A. 2d 77. Furthermore, plaintiff must also make out a case free from contributory negligence: *Fries v.*

*Ritter,* 381 Pa. 470, 112 A. 2d 189; *Lewis v. Quinn,* 376 Pa. 109, 101 A. 2d 382.

The evidence showed clearly and indisputably that plaintiff in broad daylight with nothing to obstruct her view stepped and slipped on a banana peel and fell as a result of that slip! After she had started falling, one foot slipped on the grease spot which she saw and of which defendant had constructive notice. Had plaintiff not slipped on the banana peel it is clear beyond the possibility of a doubt that the accident could not have happened (unless she was guilty of contributory negligence) because she admitted that she saw the grease spot and knew it was dangerous and must be avoided. As Judge WEISS, the trial Judge, convincingly said: "The testimony of the wife plaintiff is replete with statements that it was the banana peel on which she first slipped, and it is clear that but for that slipping on the banana peel, there would have been no accident." There was no evidence how long the banana peel had been there and admittedly defendant had no actual or constructive notice of its existence.

Chief Justice STERN's language in *DeLuca v. Manchester Ldry. & Dry Cl. Co.,* 380 Pa. 484, 488-489, 491, 112 A. 2d 372, is equally applicable in this case: ". . . assuming, arguendo, that the Laundry Company was guilty of a violation of the provisions of the statute and therefore negligent per se, such negligence was not a ground of liability unless it was the *proximate and efficient cause* of the accident in question: Hayes v. Schomaker, 302 Pa. 72, 77, 152 A. 827, 829; Hutchinson v. Follmer Trucking Company, 333 Pa. 424, 427, 5 A. 2d 182, 183; Shakley v. Lee, 368 Pa. 476, 478, 84 A. 2d 322, 323; Purol, Inc. v. Great Eastern System, Inc., 130 Pa. Superior Ct. 341, 344, 345, 197 A. 543, 544, 545; Vunak v. Walters, 157 Pa. Superior Ct. 660,

662, 43 A. 2d 536, 537. This is because an act of negligence which creates merely a passive background or circumstance of an accident does not give rise to a right of recovery if the accident was in fact caused by an intervening act of negligence which is a superseding cause: Stone v. Philadelphia, 302 Pa. 340, 153 A. 550; Schwartz v. Jaffe, 324 Pa. 324, 332, 188 A. 295, 298; Kline v. Moyer and Albert, 325 Pa. 357, 191 A. 43; Ashworth v. Hannum, 347 Pa. 393, 397, 398, 32 A. 2d 407, 409; Venorick v. Revetta, 152 Pa. Superior Ct. 455, 33 A. 2d 655.

". . . 'Where a second actor has become aware of the existence of a potential danger created by the negligence of an original tortfeasor, and thereafter, *by an independent act of negligence, brings about an accident,* the first tortfeasor is relieved of liability, *because the condition created by him was merely a circumstance of the accident and not its proximate cause.'** . . .

"Ordinarily the question whether the negligence of a defendant is a proximate cause of the accident is for the fact-finding tribunal (Landis, Administratrix v. Conestoga Transportation Company (No. 1), 349 Pa. 97, 100, 36 A. 2d 465, 466), but where the relevant facts are not in dispute and the remoteness of the causal connection between defendant's negligence and plaintiff's injury clearly appears from the evidence the question becomes one of law and, as such, is within the scope of appellate review: Rugart v. Keebler-Weyl Baking Co., 277 Pa. 408, 414, 121 A. 198, 200; Leoni v. Reinhard, 327 Pa. 391, 396, 194 A. 490, 492; Irwin Savings & Trust Company v. Pennsylvania R. R. Co., 349 Pa. 278, 283, 37 A. 2d 432, 434; Frisch v. Texas Company, 363 Pa. 619, 621, 622, 70 A. 2d 290, 291,

---

* Italics ours.

292; Roche v. Pennsylvania R. R. Co., 169 Pa. Superior Ct. 48, 57, 82 A. 2d 332, 337."

Furthermore, plaintiff's evidence showed she was clearly guilty of contributory negligence as a matter of law; failure to see the banana peel because she was looking at the grease spot cannot, factually or legally, excuse her failure to see and avoid the banana peel. For each of these reasons I would affirm the judgment non obstante veredicto entered by the lower Court.

Mr. Justice JONES joins in this Dissenting Opinion.