**Harry PARRIS**

v.

**M. A. BRUDER & SONS, INC.**

v.

**MURPHY, INC.**

Civ. A. No. 31667.

United States District Court
E. D. Pennsylvania.

Nov. 14, 1966.

Joseph D. Shein, Philadelphia, Pa., for plaintiff.

John J. Dautrich, Philadelphia, Pa., for defendant.

## OPINION

LUONGO, District Judge.

This matter is before me on plaintiff's motion for new trial.

Harry Parris, a professional spray painter, sued M. A. Bruder & Sons, Inc. (Bruder) seeking to recover damages for a disabling asthmatic condition allegedly contracted from exposure to fumes or vapors created in the spray application of an epoxy base surface coating product manufactured by Bruder. It is Parris' contention that the product (Ply-tile) was dangerous and that Bruder was negligent in failing to give adequate instructions as to its use and in failing to give warning of the dangers it knew or should have known were involved in the use of the product.

Plaintiff, by his experts, contended variously: that a certain ingredient (Xylene) in Ply-tile is an irritant which causes spasm in the respiratory tract and asthma in those persons who, like Parris, are allergically predisposed; or that some other ingredients in Ply-tile are sensitizers which, when absorbed by contact through the skin or by inhalation, created an allergic reaction to certain substances, which in turn, caused his asthmatic condition; or that his asthmatic condition was caused by a combination of the effects of irritants and sensitizers.

Defendant, through its experts, vigorously disputed the claimed causal connection between Parris' asthmatic condition and the use of Ply-tile, denying that its product was any more dangerous than paint or that its ingredients were either irritants or sensitizers. Defendant contended further that the legend on the label gave adequate notice that harm could arise from the use of its product under some conditions. Finally, defendant contended that if Parris' condition was caused or aggravated by inhalation of fumes or vapors, his own negligence in failing to use a mask while spray painting contributed to the harm, precluding recovery.

The matter was fully tried and the issues were submitted to the jury. Plaintiff did not object to the charge of the court submitting the issues of defendant-manufacturer's negligence, including the issue of failure to warn, which was presented in terms of the Restatement, Torts 2d § 388 (1965).[1] The court also submitted to the jury the matter of plaintiff's contributory negligence. The jury returned a verdict in favor of the defendant.

Plaintiff's motion for new trial is based almost entirely upon his contention that the question of plaintiff's contributory negligence should not have been submitted to the jury,[2] that contributory negligence is not available as a defense in cases where defendant's negligence consists of a failure to warn. The main support for this very general proposition appears to be a statement from a much cited article, Dillard and Hart, Product Liability: Directions for Use and the Duty To Warn, 41 Va.L.Rev. 145, 163 (1955):

"Though these time-honored defenses [contributory negligence and assumption of risk] are frequently invoked to defeat recovery, they are theoretically inapplicable when the defendant's breach of duty is based on a failure to warn. To allow these defenses is to indulge in circular reasoning, since usually the plaintiff cannot be said to have assumed a risk of which he was ignorant or to have contributed to his own injury when he had no way of rea-

1. This theory of liability has the support of the Pennsylvania cases. See, e. g. Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517 (1949).

2. For that reason only a portion of the testimony was ordered transcribed by the parties. The court has not had the benefit of a full transcript in the disposition of this motion and has had to rely, to some extent, on memory and trial notes.

sonably ascertaining that the danger of injury existed."

The portion of that paragraph which was not quoted by plaintiff reads as follows:

"On the other hand, if the plaintiff knew of the danger from an independent source, the manufacturer's failure to warn would not be the proximate cause of the injury. Nevertheless, many courts hold that the issue of contributory negligence is involved, and is a question for the jury."

The authors of that article thus recognize that contributory negligence is regarded as a defense in many jurisdictions and, of course, is an issue for the jury. Indeed, almost all of the cases cited as support for plaintiff's contention that contributory negligence is not available as a defense in failure to warn cases, actually affirmed submission of that issue to the jury and are therefore authority *contra* plaintiff's position. In some of the cases the holding was that contributory negligence had not been established *as a matter of law* and was therefore a matter for the fact finder. E. g., Tampa Drug Co. v. Wait, 103 So.2d 603 (Fla.1958); Martin v. Bengue, Inc., 25 N.J. 359, 136 A.2d 626 (1957); Land O'Lakes Creameries, Inc. v. Hungerholt, 319 F.2d 352 (8th Cir. 1963); Butler v. L. Sonneborn Sons, Inc., 296 F.2d 623 (2d Cir. 1961); Boyl v. California Chemical Co., 221 F.Supp. 669 (D.C.Ore.1963); Wright v. Carter Products, Inc., 244 F.2d 53 (2d Cir. 1957). In another case, Hubbard-Hall Chemical Co. v. Silverman, 340 F.2d 402 (1st Cir. 1965), the jury's special verdict absolved plaintiff of contributory negligence, consequently the court was not called upon to decide, and did not decide, whether contributory negligence was available as a defense, although it did note in an obiter comment that the availablity of such a defense was not free from doubt, citing Dillard and Hart, supra.

The Dillard and Hart observation that to allow the defense of contributory negligence is to indulge in circular reasoning is perhaps valid in cases where the person harmed by the use of a product is neither aware nor is chargeable with knowledge that there is any risk of harm involved in the use of the product, i. e. where there is no evidence on which to base a finding of the user's contributory negligence.[3] That rationale would be of no help to Parris in the instant case, for there was ample basis for a finding that Parris had failed to exercise due care for his own safety and that his failure had contributed to the harm.

Parris had been a spray painter for more than 20 years. He testified that he was aware that a mask must be worn at all times during spray painting, particularly if the spraying was being done indoors as it was here.[4] Parris' employer furnished for his use a mask together with as many replacement filter cartridges as needed. It was clear that there was substantial risk of harm from spray painting without a mask although the precise nature of the harm was not testified to. There was ample evidence that on a number of occasions, on this and on other job sites, Parris had sprayed without a mask.

It appears to be plaintiff's position that there was a *different* risk of harm from some of the ingredients of Ply-tile than from the use of oil or water base paints, and since plaintiff was unaware of the *specific* risk of harm, he is not chargeable with contributory negligence. This position cannot be sustained. As noted in 2 Harper and James, Torts § 20.5(6) (1956):

"Foreseeability does not mean that the precise hazard or the exact consequences which were encountered should have been foreseen. * * * '[W]hen it is found that a man ought to have foreseen in a general way consequences of a certain kind, it will not avail him to say that he could not foresee

---

3. See also, discussion in 1 Frumer and Friedman, Products Liability § 8.06 (1966).

4. He was spraying the interior of a greenhouse which was being converted for use as a garden center for the sale of gardening products and equipment.

the precise course or the full extent of the consequences, being of that kind, which in fact happened.' "

See also, Diakolios v. Sears, Roebuck & Co., 387 Pa. 184, 127 A.2d 603 (1956); Vereb v. Markowitz, 379 Pa. 344, 108 A.2d 774 (1954) (foreseeable orbit of risk); Price v. New Castle Refractories Co., 332 Pa. 507, 3 A.2d 418 (1939); Restatement, Torts 2d § 435 (1965) citing as an illustration Bunting v. Hogsett, 139 Pa. 363, 21 A. 31, 12 L.R.A. 268 (1891) (the doctrine of *Bunting* was reaffirmed in Shipley v. City of Pittsburgh, 321 Pa. 494, 496, 184 A. 671 (1936)). The same principle is applicable in assessing contributory negligence, see Prosser, Torts § 64 (3d ed. 1964); Restatement, Torts 2d §§ 463–64 (1965), and is controlling here. Since there was evidence that plaintiff was aware of risk of harm from failure to wear a mask while spray painting, the defense of contributory negligence became available. It was for the jury to determine whether plaintiff's failure to wear the mask contributed to the harm he sustained.

■ Plaintiff has advanced an alternate contention: that he was told by one of defendant's representatives that Plytile was safe and harmless and he was thereby lulled into a false sense of security in using the product. The testimony on that point was conflicting and was left for the jury to resolve and to consider on the questions of defendant's negligence and plaintiff's contributory negligence. These matters were properly for the jury. See Robb v. Gylock Corp., 384 Pa. 209, 120 A.2d 174 (1956). Plaintiff has cited Maize v. Atlantic Refining Co., 352 Pa. 51, 41 A.2d 850, 160 A.L.R. 449 (1945), but the facts of that case are of little help to him. In *Maize* a housewife died from inhalation of fumes from a product called "Safety-Kleen." It was held that the prominent display of the word "SAFETY" on all four sides of the can minimized, for a busy housewife cleaning rugs, the impact of the cautionary instructions on the label, thereby making the matter of her contributory negligence a jury question.

In this case, Parris was a professional spray painter who, presumably, was far more experienced with surface coatings than a housewife with rug cleaners. By his own admission, he had read the warnings on the label thoroughly. Assuming Parris' version of what the defendant's representative told him, it was for the jury to determine whether, in light of the legend on the label, Parris had acted with due regard for his own safety in the manner in which he used defendant's product.

■ In his motion for new trial, plaintiff has also contended that the verdict was against the evidence and against the weight of the evidence. It is understandable that in his brief he had made no argument on those points. They are without merit.

### ORDER

And Now, this 14th day of November, 1966, it is ordered that Plaintiff's Motion for New Trial is denied.