John Edward **BARNETT**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 18740.

United States Court of Appeals
Fifth Circuit.

May 17, 1961.

John E. Barnett, in pro. per.

W. L. Longshore, U. S. Atty., Birmingham, Ala., George A. Blinn, Asst. U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

PER CURIAM.

On May 18, 1959 a complaint was filed with the United States Commissioner at Anniston, Alabama, charging the appellant with violation of the Dyer Act, 18 U.S.C.A. § 2312. At the time the complaint was filed, appellant was in the Calhoun County, Alabama, jail serving a sentence imposed by the State of Alabama. A detainer was filed with the sheriff of Calhoun County by the United States Marshal for the Northern District of Alabama. Upon completion of his sentence at the Calhoun County jail, the State of Alabama released appellant to the United States Marshal, who, pursuant to a writ of Habeas Corpus Ad Prosequendum issued by a Superior Court of the State of Georgia, delivered appellant to Buchanan, Georgia, to stand trial in the Georgia State Court for assault with intent to murder. Following appellant's conviction there, he was returned to the Northern District of Alabama, where he remained in the custody of the United States Marshal until the disposition of the pending Dyer Act case.

Appellant complains, in a motion made pursuant to 28 U.S.C.A. § 2255, that his delivery by the United States Marshal to the Georgia state officials for trial for a state offense was made pursuant to a "deal" between the United States Attorney for the Northern District of Alabama and the County Prosecutor in Buchanan, Georgia, and that in some way this deal has infected the sentence imposed on appellant in the federal court under the Dyer Act count so as to render that sentence void.

Taking the appellant's allegations as true, we fail to see how, by virtue of the "deal" made by the United States Attorney, the appellant's sentence for the Dyer Act violation is "open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack," as is required by § 2255.[1] See Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607; Zerbst v. McPike, 5 Cir., 1938, 97 F.2d 253; Hayward v. Looney, 10 Cir., 1957, 246 F.2d 56. See also, Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541.

The judgment of the District Court is Affirmed.