John L. JAMES, Appellant,

v.

The CONTINENTAL INSURANCE
COMPANY.

No. 18300.

United States Court of Appeals,
Third Circuit.

Argued April 7, 1970.

Decided May 4, 1970.

Kenneth W. Behrend, Behrend & Aronson, Pittsburgh, Pa (Mark B. Aronson, Pittsburgh, Pa., on the brief), for appellant.

Frederick N. Egler, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for appellee.

Before SEITZ and ALDISERT, Circuit Judges, and LATCHUM, District Judge.

## OPINION OF THE COURT

**PER CURIAM.**

This is an appeal from the district court's order denying a new trial. Appellant, a former insurance adjuster for Continental Insurance Company, sued to recover from Continental allegedly wilfully-withheld overtime compensation claimed to be due pursuant to the Fair Labor Standards Act of 1938 ("Act"), 29 U.S.C. § 201 et seq. At trial the jury returned a special verdict for Continental, finding that appellant was not an employee covered by the Act. Appellant here assigns numerous errors to several rulings of the trial court and to its charge to the jury. We have considered all of these assignments of error and conclude that they are without merit.

Shortly prior to trial appellant filed a written motion requesting the "Court's permission to interrogate jurors on the panel to be selected for the purpose of intelligently determining against which prospective jurors plaintiff should exercise his peremptory challenges." Appellant claims prejudicial error in the district court's denial of this motion. We disagree. Rule 47(a), F.R.Civ.P. confers upon the trial judge broad discretion as to the manner in which *voir dire* is conducted and the type and scope of questions to be asked.

Kiernan v. Van Schaik, 347 F.2d 775, 778 (C.A. 3 1965). Of necessity, adequate information must be submitted to enable the court to exercise its discretion. The present record, however, indicates that the appellant submitted no information of any kind to guide the trial judge in determining whether *voir dire* should be permitted under Rule 47(a). Appellant neither listed the questions to be asked nor delineated the nature and scope of the proposed examination. Under such circumstances the denial of appellant's motion was not error.

Appellant contends that prejudicial error also occurred when the trial court refused to give a requested charge in appellant's language which purported to explain the distinction between the "exercise of skills and procedures" and the "exercise of discretion and independent judgment." A reading of the whole charge including the supplement thereto shows that it adequately covered the material issues involved and was fair. Ridgway National Bank v. North American Van Lines, Inc., 326 F.2d 934 (C.A. 3 1964). A party has no vested interest in any particular form of instructions; the language of the charge is for the trial court to determine. If, from the entire charge, it appears that the jury has been fairly and adequately instructed, as we find it was, then the requirements of the law are satisfied. Barnett v. United States, 290 F.2d 795 (C.A. 5 1961).

Appellant further contends that the trial court committed prejudicial error in its pretrial rulings that appellant's claim was limited by the two year statute of limitations imposed by 29 U.S.C. § 255, that his claim in suit, brought on October 10, 1966 was limited to the period between October 10, 1964 and April 9, 1965 when his employment terminated, and that the amendment to Section 255, effective February 1, 1967, which extended the limitation period to three years, if a wilful violation was involved, did not resurrect any part of plaintiff's claims already barred by the

two year limitation period. We are satisfied that the trial court rulings on these points were correct. Wisbey v. American Community Stores Corporation, 288 F.Supp. 728, 734 (D.Neb.1968).

Finally, appellant's contention that the trial court committed prejudicial error in receiving evidence out of the jury's presence after the case had been submitted on a special verdict in order for the trial court to determine the applicability of the "good faith" defenses provided in 29 U.S.C. §§ 259 and 260 is also without merit. The receipt of such evidence and the court's subsequent determination that the "good faith" defenses were available to Continental had no effect whatsoever upon the special verdict rendered by the jury. Appellant could not be and was not prejudiced by withholding from the jury the "good faith" evidence which was favorable to Continental.

The judgment of the district court will be affirmed.