**Maurice VAN DORPE, Plaintiff-Appellant,**

v.

**KOYKER FARM IMPLEMENT COMPANY, a foreign corporation, Defendant-Appellee.**

**No. 17708.**

United States Court of Appeals,
Seventh Circuit.

May 21, 1970.

Rehearing Denied June 11, 1970.

Donald D. Rumley, James L. Reese, Rumley & Reese, Toulon, Ill., for plaintiff-appellant.

Richard E. Quinn, Cassidy, Cassidy, Quinn & Lindholm, Peoria, Ill., for defendant-appellee.

Before SWYGERT, Chief Judge, DUFFY, Senior Circuit Judge, and FAIRCHILD, Circuit Judge.

DUFFY, Senior Circuit Judge.

This is a diversity suit brought by the plaintiff by reason of personal injuries sustained by him when he allegedly slipped and fell, causing his hand and a portion of his arm to come in contact with the open end of a grain auger which had been manufactured by the defendant.

After a trial, a jury verdict was returned which was favorable to the defendant. A judgment was entered in favor of defendant, and plaintiff has appealed to this Court.

In plaintiff's brief it was stated: "Error is assigned only to the giving of certain instructions by the Court, and to the refusal to give certain other tendered instructions." However, no further comment or arguments were made by plaintiff in his brief with reference to the Court's refusal to give "other tendered instructions." Hence, we shall not consider that claim.

One of the two instructions criticized by plaintiff was the instruction informing the jury that the plaintiff had the burden of proving that he was using ordinary care for his own safety (freedom from contributory negligence), and the other, that the defendant is not an insurer against any and all accidents which might occur by reason of the use of its product and that it had no duty to manufacture a grain auger that is "accident proof."

At the oral argument before this Court, the defendant heavily relied on the decision of the Illinois Supreme Court in Williams v. Brown Manufacturing Company (#41425). That opinion was filed on May 28, 1969, by the Illinois Supreme Court. However, at the time of the oral argument before us, we were informed that the Court had granted a rehearing in the *Williams* case. We

thereupon issued an order withholding further action in the case at bar until the Illinois Supreme Court decided the *Williams* case on rehearing, 261 N.E.2d 305. On March 24, 1970, that Court handed down its revised opinion in *Williams*, and, pursuant to our previous request, kindly forwarded to us a copy of its March 24, 1970 opinion.

The facts in the instant case are that plaintiff was employed by Harold Kopp as a farm laborer on the Kopp farm located in Illinois. Part of his duties was to unload shelled corn from a gravity flow wagon to a corn crib. Kopp supplied a machine called a grain auger conveyor. This consisted of a metal pipe within which revolved a screw-like auger or "core." The moving plates of the auger gathered loose shelled corn or other grain and propelled it the length of the machine. The end of the machine usually would be located at the top of a building or at an area to which the grain was being conveyed.

After all of the grain had been taken from the wagon, Van Dorpe would push the loose grain from around the sides and corners of the hopper to the protruding part of the auger. He used a shovel to do the pushing.

On the day he was injured, Van Dorpe reached for the shovel which was lying on the ground near the hopper and the wagon. His foot or feet slipped and he fell forward. His right arm and hand went over one bar of the auger and under another, and were severely cut and damaged.

The Court instructed that plaintiff must plead and prove himself free of contributory negligence. The jury found for defendant.

An examination of the revised opinion handed down by the Supreme Court of Illinois in *Williams*, discloses that the law of Illinois as to contributory negligence in a strict product liability case has been changed.

The revised opinion states: "Indeed, prior to this modification of our opinion on rehearing, our earlier opinion in this case apparently was thought to imply that every plaintiff in a strict product liability action in Illinois was under a 'duty to inspect' all products for potential defects, and that failure to plead and prove such an inspection would constitute a bar to recovery under the doctrine of contributory negligence. This implication was not intended by the court, and we are persuaded that it is necessary to review our position and adopt a more appropriate and workable framework for treatment of plaintiffs' recovery-barring conduct in strict product liability cases."

The Illinois Supreme Court further indicated that the plaintiff would be barred from recovery only if he "misused" the product or "assumed the risk" of the injury. It stated: "In determining where the loss should fall as between the nonnegligent manufacturer, distributor or retailer and the less than careful plaintiff, it has generally been recognized in Illinois and elsewhere that plaintiffs who 'misuse' a product—use it for a purpose neither intended nor 'foreseeable' (objectively reasonable) by the defendant—may be barred from recovery. (Restatement (Second) of Torts, § 402A, comment (h)); * * * There is likewise general agreement that a plaintiff who knows a product is in a dangerous condition and proceeds in disregard of this known danger (often termed 'assumption of risk') may not recover for resulting injuries. Restatement (Second) of Torts, § 402A, comment (n) and § 496D; * * *"

The Court then indicated that contributory negligence, as it is known in Illinois, was not a bar to recovery in a strict product liability case. It stated: "We are persuaded that the policy considerations which led us to adopt strict tort liability in *Suvada* [Suvada v. White Motor Co., 32 Ill.2d 612, 210 N.E.2d 182] compel the elimination of 'contributory negligence' as a bar to recovery."

██ It thus was error in the instant case for the trial court to instruct the jury that plaintiff had the burden of

proving he was free of contributory negligence or, in the wording of the instruction—"was using ordinary care for his own safety."

However, just as in *Williams*, the question remains whether plaintiff is barred from recovery because he is held to have "assumed the risk" of this injury.

After holding that contributory negligence in *Williams*, would not be a bar to recovery, the Illinois Court stated: "However, we must still determine whether the action of the trial court in striking defendant's affirmative defense of assumption of the risk was proper * * * We emphasize that 'assumption of risk' is an affirmative defense which does bar recovery, and which may be asserted in a strict liability action notwithstanding the absence of any contractual relationship between the parties."

In *Williams*, the plaintiff had been injured while operating a trenching machine manufactured by defendant, Brown Manufacturing Company. Just before reaching the particular point at which the injury occurred, Williams decided that he could control the lever of the trencher sufficiently by leaning against the handlebar on the upward side.

The digging teeth of the trencher momentarily caught on an underground pipe. The machine lurched backwards. Williams claimed that the power unit should have been equipped with some safety device such as a "throw out clutch", or that the drive-belt could have been easily adjusted to a tension which would allow slippage. The new machine had been assembled only a few days previously.

In our case, let us assume that when plaintiff's feet slipped, he fell in a manner so that his head struck the outside portion of the auger and injuries occurred. It seems no one would argue that there was any resulting liability to the plaintiff by the defendant.

The danger of coming in contact with the end of the obviously dangerous auger was readily apparent to plaintiff. There was no defect in the auger which caused the plaintiff to lose his footing. The grain auger conveyor was in proper operating condition at all times.

As stated by the Court in *Williams*: "A determination of the propriety of the trial court's action in striking the affirmative defense of assumption of risk must be predicated upon consideration of the totality of the evidence in its aspect most favorable to defendant."

Plaintiff also asserts as error that the Court gave Instruction 5 which stated: "The defendant in this case is not an insurer or liable against any and all accidents and injuries that arise or occur by reason of the use of the grain auger manufactured by the defendant. Nor is there any duty upon the defendant to manufacture a grain auger that is 'accident proof.'"

The Illinois Supreme Court, in the earlier *Williams* decision, stated: "It is *not*, contrary to what it is sometimes called, a doctrine of absolute liability entitling any person harmed in using a product to recover from any member of the production and distribution group. It does *not* make a manufacturer * * * an insurer of the consumer's safety. It *is* liability without negligence, but it is *not* liability without fault."

■ There is nothing in the second *Williams* decision to indicate that this is not still a statement of the law in Illinois. Therefore, we cannot say that the trial court erred in giving Instruction 5.

■ It now appears that the District Court's instruction as to contributory negligence was error. Furthermore, it would appear also that the question of assumption of risk is a jury issue which should be submitted to a jury under proper instructions. *Williams*, supra. We hold the judgment of the District Court should be reversed and remanded for a new trial.

Reversed and remanded.