481 F.2d 940
 Deborah A. ESHBACH, a minor, by her parent and natural
guardian, Marlin Eshbach, Appellant,
v.
W. T. GRANT'S AND COMPANY
v.
E. T. RUGG, a division of Mid-Con, Inc., Third-Party Defendant.
 No. 71-2128.
 United States Court of Appeals,
Third Circuit.
 Argued Jan. 18, 1973.
Decided June 15, 1973.
 
 1
 James E. Colleran, Philadelphia, Pa., for appellant.
 
 
 2
 John W. Walter, Francis E. Marshall, Marshall, Dennehey & Warner, Philadelphia, Pa., for appellee.
 
 
 3
 Before VAN DUSEN and ADAMS, Circuit Judges, and BARLOW, District Judge.
 
 OPINION OF THE COURT
 
 4
 BARLOW, District Judge.
 
 
 5
 The plaintiff, Deborah A. Eshbach, a minor, by her parent and natural guardian, Marlin Eshbach, appeals from a jury verdict in favor of the defendant, W. T. Grant's and Company.
 
 
 6
 In April of 1967, Marlin Eshbach, the father of the infant plaintiff, Deborah A. Eshbach, bought a riding, or sit-on type, 24-inch lawnmower from the defendant, W. T. Grant's and Company. Mr. Eshbach used the mower without incident between the date of its purchase and September 5th, 1968. On that day, however, Mr. Eshbach's son, Marlin, Jr., age 9, removed the mower from its storage spot, started it and proceeded to mow the lawn. Young Marlin had been instructed in the use of the mower and had previously operated it three times, in the presence of his father. The infant plaintiff, Deborah, had, on two prior occasions, jumped on the back of the mower behind her father while the mower was in use. She was warned by her father not to do so. On this occasion, however, while her brother operated the mower, out of his father's presence and without his knowledge, Deborah jumped on the mower behind her brother. While the mower was circling a tree, Deborah's foot slipped into the unguarded chain and sprocket of the machine and became entangled. Marlin, Jr., hearing the cries of his sister, stopped the machine by taking his foot off the pedal. The machine had neither brakes nor an ignition switch.
 
 
 7
 As a result of the accident, Deborah suffered severe injuries to her left foot.
 
 
 8
 Plaintiff thereafter commenced a diversity action pursuant to 28 U.S.C. Sec. 1332, solely upon the theory of strict liability, Sec. 402A, Restatement of Torts (Second), alleging that the unguarded chain and sprocket, along with the absence of an ignition switch and key device, represented a defective design condition which caused the infant plaintiff's injuries.
 
 
 9
 The case was tried before a jury, the plaintiff's case included expert testimony as to the defective design of the machine. The defense offered no testimony.
 
 
 10
 Following the judge's instructions and after deliberation, the jury returned a verdict for the defendant, and it is from the judgment entered thereon that the plaintiff appeals.
 
 I.
 
 11
 Plaintiff-appellant's initial contention is that the frequent use of the concept of foreseeability in the charge of the court, as well as those instructions of the court defining the limits of the responsibility of the seller in terms of a "reasonable man" or an "ordinarily intelligent man" introduced negligence terms which were peculiarly inappropriate to a strict liability claim. Defendant-appellee insists that the District Court's charge in its totality represents a permissible expression of the applicable law.
 
 
 12
 We agree with the plaintiff that the charge, taken as a whole, improperly introduced concepts having their origin and primary applicability in negligence law. Cf. James v. Continental Insurance Co., 424 F.2d 1064 (3rd Cir. 1970); Friedman v. General Motors Corporation, 411 F.2d 533 (3rd Cir. 1969).
 
 
 13
 When the trial judge here stated that liability under Sec. 402A was dependent upon "whether the injury could be foreseen by an ordinarily intelligent man as the natural and probable outcome of the act complained of.", he improperly introduced due care as a standard upon which the liability of the seller might depend. This is clearly not so.[1] Liability under Sec. 402A is merely dependent upon the injury resulting from a condition of the product, that condition being unreasonably dangerous, and that condition being in existence at the time the product left the seller's control.[2] Accordingly, an instruction that the defendant is responsible only if an "ordinarily intelligent man" or a "reasonable man . . . would infer that his acts create an appreciable danger of causing injury to another" substantially diminishes the extent of a seller's liability and responsibility and is inconsistent with a strict liability theory which explicitly imposes a much higher degree of responsibility on sellers of goods.[3] Sec. 402A, Comment a.
 
 
 14
 Moreover, the term "foreseeability", as it is used throughout the charge, is improper. Negligence is, of course, tested in terms of foreseeability. Speyer, Inc. v. Humble Oil and Refining Company, 403 F.2d 766 at 771 (3rd Cir. 1968), cert. den. 394 U.S. 1015, 89 S.Ct. 1634, 23 L.Ed.2d 41 (1969). The focus of Sec. 402A, however, is not directed to the foreseeability of a given injury, but to whether "the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him". Sec. 402A, Comment G. In actions brought pursuant to Sec. 402A "[t]he duty of a manufacturer or supplier is limited to foreseeing the probable results of the normal use of the product or a use which can be reasonably anticipated." Kaczmarek v. Mesta Machine Company, 463 F.2d 675 at 679 (3rd Cir. 1972). Thus, the proper limits of responsibility for the defendant-seller here is whether the "use" to which the product was put was intended or foreseeable (objectively reasonable) by the defendant. Van Dorpe v. Koyker Farm Implement Company, 427 F.2d 91 at 93 (7th Cir. 1970), cf. Oehler v. Davis, 223 Pa.Super. 333, 298 A.2d 895 (Pa.Super. 1972).
 
 
 15
 The use of foreseeability in the court's instructions here does not reflect this limitation. When the court instructed the jury that Grant's was to be liable only if it-in substance-anticipated or foresaw the individualistic behavior patterns of the Eshbach children when using the lawnmower for the purpose for which it was designed-to cut grass-it subverted the intention of Sec. 402A by permitting a vendor to avoid liability on the basis of being unable to anticipate the precise manner in which the injury occurred.
 
 
 16
 "The fact that the actor could not foresee the particular manner in which the harm has occurred is immaterial. See Diakolios v. Sears, Roebuck & Co., 387 Pa. 184, 127 A.2d 603 (1956); Vereb v. Markowitz, 379 Pa. 344, 108 A.2d 774 (1954); Restatement, Torts, 2d Sec. 435(i). Dyson v. General Motors Corporation, 298 F. Supp. 1064 (E.D.Pa.1969)." Dorsey v. Yoder Company, 331 F.Supp. 753 at 768 (E.D.Pa.1971).
 
 
 17
 Similarly, the use of foreseeability by the trial court with reference to the "foreseeability" of injury or harm is improper, for it is foreseeability as to the use of the product which establishes the limits of the seller's responsibility.
 
 
 18
 Furthermore, even if the trial judge was attempting to discuss causation, by way of the intervening negligence of other parties-in this case, Mr. Eshbach-the proper thrust is not to the foreseeability of the intervenor's conduct but whether the movements of the lawnmower which did, in fact, occur were foreseeable in that they were within the range of movements normally expected of the machine. Frankel v. Lull Engineering Company, 334 F.Supp. 913 at 925 (E.D.Pa.1971), aff'd, 470 F.2d 995 (3rd Cir. 1973).
 
 
 19
 Thus, the manufacturer or seller is not required to foresee, for example, that a lawnmower-which is designed to cut grass-will be used to cut logs or to cut pipe. Yet, he is required to foresee an injury resulting from a defect, which injury occurs during the use of the mower for a purpose for which it was intended, even if the injury did not occur in the particular manner one might expect.[4] It is to this extent, then, and to this extent only, that foreseeability enters into the strict liability equation. The use of the word foreseeability without the limits imposed by strict liability concepts improperly distorts the balance between the manufacturer and consumer embodied in Sec. 402A.
 
 
 20
 While it is true that the trial judge, after misstating the standards by which the seller's liability was to be tested, as indicated above, also correctly explained the seller's responsibility in a strict liability sense, we believe that the juxtaposition, as well as the fundamental differences between the two explanations, constituted error, for it only could have produced confusion amongst the jury.II.
 
 
 21
 Of equal concern are the questions presented by the plaintiff's assertion that the trial judge erred by his refusal to instruct the jury that Mr. Eshbach's negligence was not to be considered- that his negligence was not in the case. During the cross-examination of Mr. Eshbach. defense counsel established that he recognized that the lawnmower was a dangerous machine and that for that reason he had instructed his children not to operate it. Further, in response to questions put to him by defense counsel, Mr. Eshbach admitted that he had never removed the sparkplugs from the mower to render it inoperable and to prevent his children from either starting or using the mower. All of these questions, and many others of like import, were obviously designed to suggest the negligence of Mr. Eshbach.
 
 
 22
 During the course of the cross-examination, plaintiff's counsel objected to certain of these questions, contending that negligence was not an issue in the case. The trial judge overruled the objections, stating, equivocally, that whether or not negligence was in issue "remains to be seen."
 
 
 23
 Again, during the Fed.R.Civ.P. 51 application, plaintiff's written points for charge requested that the trial judge instruct the jury that, in substance, Mr. Eshbach's negligence was not an issue in the case. The trial judge declined to do so. Accordingly, much of the thrust of defense counsel's summation was directed to the negligence-or lack of due care-on the part of Mr. Eshbach. Following the charge of the court, the plaintiff once again objected to the trial judge's failure to remove the question of Mr. Eshbach's negligence from the case. The judge again refused to do so, stating, in effect, that it was unnecessary so to do because negligence was not in the case![5]
 
 
 24
 The trial court here, then, permitted the issue of Mr. Eshbach's negligence to enter the case-indirectly, through cross-examination-and permitted, as well, defendant's counsel, during summation, to allude at length to Mr. Eshbach's conduct. In such circumstances, the trial judge was required, we think, to either instruct the jury as to the application which such negligence would have in terms of providing a defense to the infant plaintiff's products liability claim, or to instruct the jury specifically that Mr. Eshbach's negligence was not to be considered by them.
 
 
 25
 Preliminarily, it is clear that Mr. Eshbach's negligence, if any, could not be imputed to his infant daughter and thereby defeat her claim against the defendant.
 
 
 26
 However, since causation remains an element in 402A actions[6]-because that Section requires that the plaintiff, in addition to establishing that the defect in the defendant's product was unreasonably dangerous, also establish that the defect caused the ultimate harm-Mr. Eshbach's negligence is significant only if it constitutes an intervening cause. Nonetheless, even in that restricted causation sense, its application is questionable here, for:
 
 
 27
 ". . . under the principles relating to causation set forth in the Restatement (Second) of Torts (Secs. 430-462) which have been or would likely be adopted as law in Pennsylvania, Whitner v. Lojeski, 437 Pa. 448, 458, 461, 263 A.2d 889 (1970), it appears that where the actor's conduct increases the risk of some particular harm the fact that the harm is ultimately brought about only by the intervention of another force does not relieve the actor from liability. Restatement (Second) of Torts, Sec. 442B (1969)." Frankel v. Lull Engineering Company, supra, 334 F.Supp. at 925.
 
 
 28
 Further, a negligent intervening act, to relieve defendant of accountability, must be:
 
 
 29
 ". . . so extraordinary as not to have been reasonably foreseeable, and . . . whether the act was reasonably foreseeable [is] to be determined by following retrospectively the sequence of events and looking back from the harm to the negligent act rather than by considering whether the defendant should prospectively have envisaged the events which unfolded and caused the accident. Wilson v. American Chain and Cable Co., 364 F.2d 558, 562 (3rd Cir. 1966). See also Shimer v. Bangor Gas Co., 410 Pa. 92, 97, 188 A.2d 734 (1963)." Dorsey v. Yoder Company, supra, 331 F.Supp. at 764.
 
 
 30
 In any event, the failure of the trial judge to either remove the question of Mr. Eshbach's negligence from the case entirely or, if it was to be considered, to instruct the jury as to the limits of its application, had the obvious capacity of suggesting to the jury either that Mr. Eshbach was alone responsible for his daughter's injuries-notwithstanding any accountability of the defendant on the plaintiff's products liability claim-or, in some fashion, permitting the jury to conclude that Mr. Eshbach's negligence could be imputed to his daughter. Either conclusion was clearly prejudicial to the infant plaintiff's claim against the defendant and was error.[7]
 
 
 31
 The judgment of the trial court is reversed, and the case is remanded for a new trial.
 
 
 
 [1]
 Comment F to Sec. 402A; MacDougall v. Ford Motor Co., 214 Pa.Super. 384 at 391, 257 A.2d 676 at 680 (1969)
 
 
 [2]
 In order for liability to be established under Sec. 402A and Pennsylvania law, the plaintiff must demonstrate only that:
 "(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
 (a) the seller is engaged in the business of selling such a product, and
 (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
 (2) The rule stated in Subsection (1) applies although
 (a) the seller has exercised all possible care in the preparation and sale of his product, and
 (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." Webb v. Zern, 422 Pa. 424, 220 A.2d 853 (1966).
 
 
 [3]
 The court's instructions included the following language:
 "Liability depends on antecedent probability, not the mere possibility of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent man as the natural and probable outcome of the act complained of . . . An actor should recognize that his conduct involves a risk of causing an invasion of another's interest if he possesses such knowledge of pertinent matters and surrounding circumstances that a reasonable man acting on such knowledge would infer that his acts create an appreciable danger of causing injury to another. A normal human being is held to foresee those injuries which are the consequences of his act or omission or commission which he as a reasonable human being should have foreseen."
 "You can consider . . . whether this defendant should have anticipated -we are back to foreseeability again-that a nine-year-old boy would operate the machine and that a five-year-old child would jump on it while it was being operated. . . ."
 
 
 [4]
 Foreseeable use does not mean unintended use. Dyson v. Geperal Motors Corporation, supra, 298 F.Sapp. at p. 1068; LaGorga v. Kroger Company, 275 F. Supp. 373 (W.D.Pa.1967)
 
 
 [5]
 The colloquy was as follows:
 "MR. COLLERAN: [defense counsel] All right, Your Honor, I except to the fact that Your Honor did not tell the jury that the negligence or lack of it on the part of Mr. Eshbach is not an issue in this case.
 THE COURT: You may have an exception. I purposely did not charge on negligence except there was no contributory negligence. I don't know why you would expect me to tell the jury something that is not in the case, * * *"
 
 
 [6]
 To recover, plaintiff is required to show "not only that the 'defective' condition was dangerous but also that such condition was a proximate cause of the mishap." Colosimo v. May Department Store Company, 466 F.2d 1234, at 1235 (3rd Cir. 1972). Also see Speyer v. Humble Oil & Refining Company, supra, n. 16, 403 F.2d at 772
 
 
 [7]
 Since there is to be a new trial, we call the District Court's attention to our previously stated view that it is unfortunate to indicate that the jury need be convinced of the certainty of the facts they find in describing the burden of proof in a civil personal injury action. See Burch v. Reading Co., 240 F.2d 574, 579 (3rd Cir. 1957). At 213a (N.T. 206), the judge charged the jury: "The plaintiff has the burden of proof to convince you that the position which he takes in this case is correct." (Emphasis supplied.)