Leonard **SERPIELLO** and Gloria **Serpiello,** his wife,

v.

The **YODER COMPANY**

v.

**WESTMORELAND METAL COMPANY.**

Civ. A. No. 74–1232.

United States District Court,
E. D. Pennsylvania.

June 30, 1976.

Joseph Lurie, Philadelphia, Pa., for plaintiffs.

Joseph V. Pinto, Philadelphia, Pa., for Yoder.

John F. McElvenny, Philadelphia, Pa., for Westmoreland.

## MEMORANDUM

BECHTLE, District Judge.

Plaintiffs brought this products liability action to recover for personal injuries suffered in an industrial accident involving a metal chopping machine manufactured by the Yoder Company ("Yoder"). Relying on the theory of strict liability as contained in § 402A of the *Restatement (Second) of Torts* (1965),[1] plaintiffs alleged that the chopping machine was defective in design and unreasonably dangerous to users. After a trial, the jury returned a verdict in favor of Yoder. Plaintiffs now seek a new trial, contending that the Court erred in its charge to the jury by using "language which tracts negligence concepts" in an action based on the theory of strict liability. Since we believe that the jury was properly instructed, the motion will be denied.

The first prong of plaintiffs' three-pronged argument is that the Court should not have instructed the jury that it was necessary to find that the chopping machine was unreasonably dangerous in order for plaintiffs to recover. They rely on *Berkebile v. Brantly Helicopter Corp.*, 337 A.2d 893 (Pa.1975), wherein Chief Justice Jones "held" that it is improper to charge a jury that a defect must be found to be unreasonably dangerous to the user as a prerequisite to recovery. Such reliance is misplaced as Chief Justice Jones' opinion in *Berkebile*, for the carefully articulated reasons set forth by my colleague Judge Huyett, in *Beron v. Kramer-Trenton Co.*, 402 F.Supp. 1268, 1276–1277 (E.D.Pa.1975), *aff'd*, 538 F.2d 318 (3d Cir. 1976) (per curiam), is not the law of Pennsylvania. *Accord, Posttape Associates v. Eastman Kodak Co.*, 537 F.2d 751 (3d Cir. 1976); *Bair v. American Motors Corp.*, 535 F.2d 249 (3d Cir. 1976) (per curiam); *Zurzolo v. General Motors Corp.*, 69 F.R.D. 469 (E.D.Pa.1975) (Higginbotham, J.). Accordingly, plaintiffs' motion for a new trial on that ground must be denied.

The second and third prongs of plaintiffs' argument also rely on *Berkebile*. Specifically, plaintiffs contend that it was error to instruct the jury that Yoder was only legally obligated to produce a reason-

---

1. § 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer

    (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

    (a) the seller is engaged in the business of selling such a product, and

    (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

    (2) The rule stated in Subsection (1) applies although

    (a) the seller has exercised all possible care in the preparation and sale of his product, and

    (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

ably safe chopping machine, rather than one wholly incapable of doing harm, and that it was error to instruct the jury that it should consider the foreseeability to Yoder of the normal and expected use of the machine, in determining whether the chopping machine was in a defective condition unreasonably dangerous to users because of its design and whether warnings should have been given. The short answer to plaintiffs' contentions is that, for the reasons stated in *Beron, Berkebile* does not control the instant case. Moreover, we believe that the language of § 402A and the comments thereto, as well as the relevant case law, thoroughly support our instructions to the jury.

■■■ Concerning the reasonably safe versus accident-proof problem, it is clear that § 402A does not "render the seller of a product an insurer against any and all injuries thereby caused." *Beron v. Kramer-Trenton Co., supra*, 402 F.Supp. at 1276. As stated by Judge Fullam in *Dyson v. General Motors Corp.*, 298 F.Supp. 1064, 1073 (E.D. Pa.1969):

> If, . . . a vehicle left the roadway accidentally and came to rest in a river, it could scarcely be argued that the manufacturer should have produced an automobile which would float. Similarly, it could not reasonably be argued that a car manufacturer should be held liable because its vehicle collapsed when involved in a head-on collision with a large truck, at high speed.

*See Zurzolo v. General Motors Corp., supra*, 69 F.R.D. at 471–472. Since a manufacturer is, on the one hand, not obligated to produce and sell an accident-proof product and is, on the other hand, not permitted, as far as § 402A liability is concerned, to produce and sell a product in a defective condition unreasonably dangerous to the user, it logically follows that a manufacturer need only produce and sell a reasonably safe product. The jury was instructed accordingly.

■■■ With respect to the foreseeability issue, plaintiffs contend that foreseeability is a "test of negligence" and that, by instructing the jury concerning foreseeability, the Court "converted the present case from one of strict liability to one of negligence." Had we instructed the jury to the effect that Yoder could not be held liable unless it could have reasonably foreseen the manner in which Leonard Serpiello's injury occurred, we would agree with plaintiffs' contention and grant a new trial. An examination of the charge, however, reveals that the jury was not so instructed. Rather, in accordance with § 402A, comment h, at 351–352,[2] the Court instructed the jury that Yoder could only be liable for injuries which occurred during the normal and expected use of the chopping machine. *See Dorsey v. Yoder Co.*, 331 F.Supp. 753, 761, 768 (E.D.Pa.1971), *aff'd mem.*, 474 F.2d 1339 (3d Cir. 1973). We further instructed the jury, again in accordance with comment h, that Yoder had a duty to warn users of dangers which could result from the normal and expected uses of the chopping machine and, conversely, that Yoder had no duty to warn users of dangers which could result from unforeseeable uses of the product. *Foecker v. Allis-Chalmers*, 366 F.Supp. 1352, 1355 (E.D.Pa.1973). Thus, the Court's instructions merely set forth the proper limits of Yoder's responsibility, which was measured by the uses of the chopping machine that were reasonably foreseeable by Yoder. *See Eshbach v. W. T. Grant's and Co.*, 481 F.2d 940, 943 (3d Cir. 1973).

An appropriate Order will be entered.

---

**2.** Comment h to § 402A provides:

A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from abnormal handling, as where a bottled beverage is knocked against a radiator to remove the cap, or from abnormal preparation for use, as where too much salt is added to food, or from abnormal consumption, as where a child eats too much candy and is made ill, the seller is not liable. Where, however, he has reason to anticipate that danger may result from a particular use, as where a drug is sold which is safe only in limited doses, he may be required to give adequate warning of the danger (see Comment j), and a product sold without such warning is in a defective condition.